## UNITED STATES v. GABRIEL et al.[1]

*(Circuit Court, E. D. Louisiana. May 26, 1888.)*

CUSTOMS DUTIES—DUTIES OF APPRAISERS—ESTIMATE OF VALUE.

Rev. St. U. S. § 2902, directing appraisers of imports to ascertain the actual market value and wholesale price of the goods in the principal markets of the country whence they are imported, regardless of the invoice, is unaffected by act U. S. March 3, 1883, § 7, which repeals Rev. St. §§ 2907, 2908, and act June 22, 1874, providing that certain costs of transportation, etc., shall be added to the price of goods, or by section 7, of the act of March 3d, which modifies the oath to be taken upon the entry of goods, with respect to said costs of transportation, but leaves the oath otherwise unchanged, and the dutiable value of goods is to be estimated from their market value in the principal markets of the country whence they are imported.

At Law. On motion for new trial.

Action by the United States against Gabriel & Schall upon a bond given for duties upon cement entered at the port of New Orleans. Verdict for plaintiff, which defendant moved to set aside.

*J. W. Gurley,* Asst. U. S. Atty., for the United States.

*Howe & Prentiss,* for defendant.

Before PARDEE and BILLINGS, JJ.

PARDEE, J. The defendants imported, through the port of New Orleans, a lot of cement from Holzminden, Germany. Their agent made the proper entry at the custom-house; filed the necessary oath and sworn and certified invoice from the manufacturers at Holzminden; paid duty on the valuation given by the invoice, gave the requisite bond, and took order for delivery of the goods. The local appraiser valued the goods for duty higher than the invoice value, and the importers were notified. Dissatisfied with such higher valuation, the importers called for a reappraisement by merchant appraisers under section 2930, Rev. St. The merchant appraisers were appointed, and made an appraisement of the dutiable value of the said goods, substantially the same as the local appraiser had previously done. The defendants, still dissatisfied, appealed to the collector and secretary of the treasury, but obtained no relief. Suit being brought on the bond, on the trial, the defendants offered to prove that the merchant appraisers, in their appraisement, through error or mistake, ignored the valuation of the goods at Holzminden, and based their finding on the value of such goods at Bremen, a place also in Germany, and that the actual dutiable value was the value at Holzminden, and that the same was correctly shown by the invoice filed with entry of the goods. This evidence was excluded by the trial judge, and such exclusion is the real base of the motion for a new trial.

It is claimed that the act of March 3, 1883, (22 St. at Large, 488 *et seq.,*) has modified and repealed section 2902, Rev. St., so far as therein the dutiable value of imported goods is to be determined by the true and

[1] Publication delayed by inability to obtain copy of opinion at time of its rendition.

actual market value and wholesale price in the principal markets of the country whence the same has been imported, and that since said act of 1883 the law requires that the dutiable value shall be determined by the actual market value and cost of the goods at the place where manufactured or purchased. If this claimed construction of the act of 1883 be correct it is doubtful whether, in a case where the merchant appraisers were duly and legally appointed, and where neither neglect of duty nor fraud is alleged, the court can go behind the finding, which is declared by the statute to be final. See *Oelbermann* v. *Merritt*, 123 U. S. 362, 363, 8 Sup. Ct. Rep. 151. But such construction is not correct. The act of 1883 (7th section) repeals sections 2907 and 2908, Rev. St., and section 14 of an act approved June 22, 1874, all of which refer to the addition to the cost or actual wholesale price, in the principal markets of the country, of certain charges and expenses of transportation, shipment, etc.; and the eighth section of said act modifies the oaths to be taken on the entry of goods, so that the consignee, importer, or agent need not swear, as formerly required, to the amount of such charges and expenses, otherwise the oaths are left as before. There is nothing in the said act that modifies, even by implication, the duties of appraisers, as declared in section 2902, Rev. St., and therein appraisers are required, "by all reasonable ways and means in their power, to ascertain, estimate, and appraise the true and actual market value and wholesale price, any invoice or affidavit thereto to the contrary notwithstanding, of the merchandise, at the time of exportation, and in the principal markets of the country whence the same has been imported into the United States," etc. We notice that the obligation taken by the appraisers in this case was "to examine and inspect said lot of ———, and truly to report the actual market value or wholesale price thereof, at the period of the exportation of the same to the United States, in the principal markets of the country from which the same was imported into the United States." And their report purports to show their finding of "the actual market value, etc., in the principal markets of the country from whence," etc. To give the evidence offered by the defendant its fullest effect would be to consider that it would show that the merchant appraisers found erroneously, and against the fact that Bremen was a principal market for cement in Germany. In *Stairs* v. *Peaslee*, 18 How. 524, it was expressly decided that the finding of the merchant appraisers, on appeal, as to the principal markets of a country from which goods were imported is conclusive. See, also, *Belcher* v. *Linn*, 24 How. 508. The verdict in this case is manifestly correct. The motion for a new trial is denied.

BILLINGS, J., concurs.